```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
              WESTERN DIVISION
```
_____

| | |
|---|---|
| **TARIK A. VEASLEY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) Civil No. 14-2558-JDT-tmp |
| | ) |
| **MICHAEL BRYANT and** | ) |
| **THE INTERNAL REVENUE SERVICE,** | ) |
| | ) |
|     **Defendants.** | |

_____

### REPORT AND RECOMMENDATION
_____

On July 21, 2014, plaintiff Tarik A. Veasley, proceeding *pro se*, filed a complaint against Michael Bryant and the Internal Revenue Service ("IRS"), accompanied by an application seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 and 2.) The complaint is unclear, but Veasley states, "I submit this affidavit in support of a criminal complaint charging Michael Bryant and the I.R.S.; 1270 Pontiac Road, Pontiac, MI 48340-2238 for violation of Electronic Fund Transfer Act, Fair Debt Collection Practice Act, Double Dipping, Consumer Credit Protection Act, Conspiracy to Defraud for Monies, Mail Fraud and Wire Fraud Leads to Violation of Public Law 10, Chapter 48, Stat. 48-112; Public Law 73-10 Dishonor in Commerce, International Treaty of Exchange, Violation D.B.A. Operating Without Real Money, Violation of Title 18 Never Passed Into Law

Rejected Three Times by the Senate, Violation Title 26 Income Tax Never Passed into Law; and Violation of Federal Funding and Federal Labor Laws; and Violations of Negotiable Debt Instrument Failure to Discharge Debt. With Conspiring to Violate the Anti-Kickback Act of 1986 (Title 41 U.S.C. § 53, and also Title 41 U.S.C. § 52, and also Title 18 U.S.C. § 371, and Violation of Solicitation of a Kickback, and also Title 22 U.S.C. § 2151 et seq, and also Violation of the House Joint Resolution 192 of 1933 (Title to Suspend the Gold Standard and Abrogate the Gold Clause), and Real Debt Elimination Basis of Real Freedom (Fraudulent Malpractice of the Banks and Government." (ECF No. 1).

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii). In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). Accepting all well-pleaded allegations

in the complaint as true, the court "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks

omitted); Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.")

**A.  Electronic Fund Transfer Act & Consumer Credit Protection Act**

The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA") was enacted as part of the comprehensive Consumer Credit Protection Act, 15 U.S.C. §§ 1601–1693r ("CCPA") and "protects individual consumer rights by 'provid[ing] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund transfer systems.'" Clemmer v. Key Bank Nat'l Ass'n, 539 F.3d 349, 351

(6th Cir. 2008) (citing 15 U.S.C. § 1693(b)). Because EFTA is a remedial statute, it is accorded "'a broad, liberal construction in favor of the consumer.'" Id. (quoting Begala v. PNC Bank, Ohio, Nat'l Ass'n, 163 F.3d 948, 950 (6th Cir. 1998)). Under the EFTA, the term "electronic fund transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, direct deposits or withdrawals of funds, and transfers initiated by telephone. 15 U.S.C. § 1693a(7). Electronic fund transfers covered by the Act have three components: 1) a transfer of funds, 2) initiation by electronic means, and 3) a debit or credit to a consumer account.

Here, Veasley alleges that he initiated an EFT transfer by certified mail, not by electronic transfer. As Veasley wrote in a letter to the IRS that he attached to his complaint, "I recently forwarded an instrument directing an Electronic Funds Tranfer (EFT) to your office on April 7, 2014 in the amount of $317,426.84. This was sent by certified mail #7006 2150 0004 1295 0710 . . . ." (ECF No. 1-1). His attempted transaction is therefore not covered by the EFTA, and his allegations are

insufficient to demonstrate any violation of the CCPA. See Walker v. JP Morgan Chase Bank, N.A., No. 13-2100-JDT-dkv, 2013 WL 2151713, at *5 (W.D. Tenn. May 16, 2013).

**B. Fair Debt Collection Practice Act**

The Fair Debt Collection Practice Act ("FDCPA") was designed "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). However, the term "debt collector" does not include an "officer or employee of the United States ... to the extent that collecting or attempting to collect any debt is in the performance of his official duties[.]" 15 U.S.C. § 1692a(6)(C). Veasley therefore has no right of action against Bryant, an individual IRS agent under the FDCPA. See Al-Sharif v. United States, 296 F. App'x 740, 742 (11th Cir. 2008) (concluding plaintiff had no cause of action against IRS agent under the FDCPA). Further, the FDCPA is not a proper vehicle by which to challenge the IRS assessment or collection of federal taxes. Thus, Veasley does not state a claim under the FDCPA against the IRS. See Albritton v. Premier Title, 70 F. App'x 180, 181 (5th Cir. 2003) (affirming district court's conclusion that "federal law provides a taxpayer with remedies to challenge

an alleged improper assessment and collection of federal taxes, but those remedies do not include an after-the-fact lawsuit against the IRS and its employees for collecting on a lien, based on the [FDCPA AND CCPA]").

**C.  42 U.S.C. § 1983**

In order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." Leach v. Shelby Cnty. Sheriff, 891 F.2d 1241, 1244 (6th Cir. 1989) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).  Here, Veasley has not established any legal basis for such a claim against the defendants, nor asserted facts sufficient to support such a claim.

**D.  Mail Fraud and Wire Fraud**

Veasley makes reference in his complaint to "Mail and Wire Fraud," but provides no further allegations in the complaint relating to this "claim."  In any event, Veasley has no private right of action for alleged violations of 18 U.S.C. §§ 1341 and 1343.  Saro v. Brown, 11 F. App'x 387, 388 (6th Cir. 2001). "Violations of these sections of the federal criminal code do not give rise to independent, private causes of action." Id. (citing Morganroth & Morganroth v. DeLorean, 123 F.3d 374, 386 (6th Cir. 1997)).

**E. Other Claims**

To the extent Veasley is alleging other causes of action, such as "double dipping," conspiracy, violations of "International Treaty of Exchange," violations of the Uniform Commercial Code, and violations of the Anti-Kickback Act of 1986, Veasley has failed to assert any legal basis for whatever such claims might be and failed to allege any facts sufficient to support such claims. The court can ascertan no cognizable causes of action for these claims.

**F. Complaint is Frivolous**

As a final matter, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). The vague, attenuated and unsubstantial allegations set forth in Veasley's are insufficient to establish subject matter jurisdiction in this court. Accordingly, Veasley's complaint should be dismissed for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). See Lacy v. Apple, 1:12-CV-867, 2012 WL 5471780, at *2 (W.D. Mich. Oct. 5, 2012) report and recommendation adopted, 1:12-CV-867, 2012 WL 5471778 (W.D. Mich. Nov. 9, 2012); Darden

v. The Union, No. 3:08CV-64-S, 2008 WL 373696, at *2 (W.D. Ky. Feb. 8, 2008).

For the reasons above, it is recommended that Veasley's complaint be dismissed.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

July 23, 2014
Date