IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TARIK A. VEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-2558-JDT-tmp |
| | ) | |
| MICHAEL BRYANT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On July 21, 2014, Plaintiff Tarik A. Veasley, a resident of Memphis, Tennessee, filed

a *pro se* complaint accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 &

2.) United States Magistrate Judge Tu M. Pham subsequently granted leave to proceed *in*

*forma pauperis*. (ECF No. 4.) On July 23, 2014, Magistrate Judge Pham issued a Report and

Recommendation ("R&R") in which he recommended the case be dismissed *sua sponte* for

lack of subject matter jurisdiction and failure to state a claim. (ECF No. 5.) Objections to

the R&R were due on or before August 11, 2014. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed.

R. Civ. P. 6(a), (d). However, Plaintiff has filed no objections.

Plaintiff's documents are largely incomprehensible, but he appears to allege that the

Defendants, Michael Bryant and the Internal Revenue Service, wrongfully refused to credit

a payment he made. He purports to assert claims under various statutes and provisions. The

Magistrate Judge has recommended dismissal prior to service on the Defendants for failure to state a claim on which relief may be granted and for lack of subject matter jurisdiction. Having reviewed the complaint and the law, the Court agrees with the Magistrate Judge's recommendation. The Magistrate Judge has thoroughly explained his decision, and the issuance of a more detailed written opinion is unnecessary. Therefore, the Court ADOPTS the R&R issued by the Magistrate Judge. For the reasons set forth in the R&R, this case is DISMISSED for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he or she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks

appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim and for lack of subject matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE